CAUSE NO.

| | | |
|---|---|---|
| **JIMMY NGUYEN and CATHERINE NGUYEN, Plaintiffs,**<br><br>**v.**<br><br>**US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, FAY SERVICING, LLC, ET AL., Defendants.** | § § § § § § § § § § § § § § | **IN THE UNITED STATES DISTRICT COURT**<br><br>**FOR THE EASTERN DISTRICT OF TEXAS**<br><br>**SHERMAN DIVISION**<br><br>4:25 cv 952 ALM/BD<br><br> |

SEP 0 2 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

---

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

### TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs respectfully move this Court for an emergency temporary restraining order pursuant to Federal Rule of Civil Procedure 65, requesting that this Court:

1 **ENJOIN AND RESTRAIN** Defendants from conducting the foreclosure sale of our family homestead at 2421 Deerwood Drive, Little Elm, Texas 75068 currently scheduled for **September 2, 2025.** We have continuously lived in and owned this home as our homestead since 2004, establishing over 21 years of continuous homestead occupancy and constitutional protection under Texas Constitution Article XVI § 50.

2. PRESERVE THE STATUS QUO pending a hearing on Plaintiffs' Motion for Preliminary Injunction.

3. **WAIVE ANY BOND REQUIREMENT** under Federal Rule 65(c) and Texas Civil Practice and Remedies Code § 65.043 as this matter involves constitutional questions affecting homestead rights and due process.

## FEDERAL JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. § 1331 based on violations of RESPA (12 U.S.C. § 2605), FDCPA (15 U.S.C. § 1692), CFPA (12 U.S.C. §5531), and Fourteenth Amendment due process (42 U.S.C. § 1983).

Government-Validated Violations: Defendant Fay Servicing paid $7,000,000 CFPB enforcement (August 21, 2024: **$2M penalty + $3M consumer redress + $2M compliance) for violations of RESPA, TILA, HPA, CFPA,** and a prior 2017 order. Fay Servicing has been subject to 8 total CFPB consent orders and enforcement actions from 2017 to present. When Fay acquired our loan in 2021, they were already a confirmed systematic violator, then continued violations throughout our entire servicing relationship requiring multiple additional federal interventions. Although the CFPB order was **terminated on July 1, 2025,** and Fay paid the required **$3,000,000** consumer redress, we were excluded from this redress program despite being directly affected borrowers who suffered violations under each of the 8 consent orders. **This establishes clear federal jurisdiction** and presents unprecedented evidence of a systematic repeated violator who harmed us throughout our entire loan servicing relationship.

## I. PRECEDENT FOR EMERGENCY RELIEF

Courts have granted TRO relief in similar cases: Ghalehtak v. **Fay Servicing, LLC,** 304 F. Supp. 3d 877 (N.D. Cal. 2018) (TRO granted); Dupree v. **Fay Servicing, LLC, 392** F. Supp. 3d 639 (E.D. Va. 2019) (emergency relief granted).

Texas Constitutional Authority: Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016) established that constitutional home equity violations render liens "void ab initio." Texas Constitution Article XVI § 50 requires strict compliance with procedural safeguards before foreclosure may proceed.

## II. EMERGENCY CIRCUMSTANCES

Due Process Violation: Defendants provided NO foreclosure notice to homeowners. Plaintiffs discovered the September 2, 2025 foreclosure only through third-party investor contact, creating complete due process failure under the Fourteenth Amendment and Texas Constitution Article XVI § 50.

Irreparable Harm: Loss of $469,927 homestead equity (per 2024 Collin County Tax records - Exhibit F), family displacement, children's educational disruption, and constitutional rights that cannot be remedied by monetary damages. The September 2 sale will occur before this Court can hold a hearing, making emergency relief essential.

## III. FEDERAL RULE 65(b)(1) REQUIREMENTS SATISFIED

A. Immediate Irreparable Injury: Foreclosure scheduled September 2, 2025 using VOID note (Exhibit A). $469,927 homestead loss is irreparable.

B. Notice Efforts: Notice would be futile due to Defendants' three-year pattern using the same VOID/destroyed note and complete disregard for due process.

C. Entitlement to Relief: Multiple legal impossibilities: (1) Note marked VOID, (2) Note sworn destroyed by JPMorgan, (3) $7M CFPB enforcement confirms systematic violations.

D. Emergency Nature: Constitutional homestead loss occurs before hearing possible.


## IV. GROUNDS FOR EMERGENCY RELIEF

**A. VOID NOTE** - Constitutional Violation: The original note contains physical VOID markings and shows 8-day post-execution endorsement (VP endorsed December 27, 2007; borrowers closed December 19, 2007). Under Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016), constitutional violations render liens "void ab initio." (Exhibit A)

**B. LEGAL IMPOSSIBILITY** - "Lost or Destroyed" Note: JPMorgan executed sworn affidavit (July 31, 2013) stating the note "has been lost or destroyed." Under Martins v. BAC Home Loans Servicing, LP, 722 F.3d 249 (5th Cir. 2013), parties must establish possession and entitlement to enforce. Legal impossibility exists when note is sworn destroyed. (Exhibits B-1, B-2, C)

**C. SYSTEMATIC PATTERN:** Defendants attempted foreclosure THREE times (2022, 2023, 2025) using the identical VOID/destroyed note, demonstrating systematic violations using legally impossible instrument. (Exhibits B & C)

**D. NOTICE FAILURE:** Defendants provided zero foreclosure notice as required by Texas Property Code § 51.002. Complete absence of notice violates Fifth and Fourteenth Amendment due process (Mennonite Board of Missions v. Adams, 462 U.S. 791 (1983); Mathews v. Eldridge, 424 U.S. 319 (1976)) and Texas Constitution Article XVI § 50.

**E. CONSTITUTIONAL FORFEITURE:** Texas Article XVI § 50(a)(6) violations create automatic forfeiture: (1) blanks filled after execution, (2) 8-day endorsement delay, (3) required document copy never provided ("YOU MUST RECEIVE A COPY"), (4) voided endorsement chain. Under Wood v. HSBC, violations render lien "void ab initio."

**F. GOVERNMENT-VALIDATED VIOLATIONS:** Fay Servicing paid record $7,000,000 CFPB enforcement (August 2024: $2M penalty + $3M consumer redress + $2M compliance) for systematic RESPA, TILA, CFPA, and FDCPA violations during Plaintiffs' servicing period. The federal government has already determined systematic violations, establishing emergency circumstances. (Exhibit E)

Without immediate relief, Plaintiffs will lose their homestead through foreclosure using a VOID/destroyed note without constitutional notice. The September 2, 2025 sale will occur before this Court can review these violations. (Exhibit D)

Loss of $469,927 homestead equity (Exhibit F), family displacement, constitutional homestead rights, and due process violations cannot be remedied by monetary damages. Foreclosure by government-confirmed systematic violator (record $7M CFPB penalty) undermines federal enforcement and creates irreparable regulatory harm.

## VI. LEGAL AUTHORITY

Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016) - Constitutional home equity violations render liens "void ab initio." Texas Constitution Article XVI § 50 requires strict compliance with procedural safeguards. Federal courts enforce Texas constitutional requirements. Davis v. Countrywide Home Loans, 1 F. Supp. 3d 638 (S.D. Tex. 2014); Deutsche Bank v. Burke, 286 F. Supp. 3d 802 (S.D. Tex. 2017).

## VII. BALANCE OF HARDSHIPS

1. Defendants' Harm: Minimal - temporary delay pending constitutional review.
2. Plaintiffs' Harm: Catastrophic - loss of constitutional homestead and $469,927 equity through void proceedings.
3. Public Interest: Constitutional compliance and preventing foreclosure by government-confirmed systematic violator supports federal consumer protection enforcement.

## EXHIBIT PACKAGE:

1. Exhibit A: VOID Note (STAMPED + handwritten VOID)
2. Exhibit B: 2022 First Copy Received 2022 Foreclosure (First copy of note)
3. Exhibit B-1: JPMorgan Lost Note Affidavit ("lost or destroyed")
4. Exhibit C: 2023 Foreclosure Pattern
5. Exhibit D: 2025 Current Emergency
6. Exhibit E: $7M CFPB Enforcement
7. Exhibit F: $469,927 Homestead Value

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. GRANT this Emergency Motion for Temporary Restraining Order

2. ENJOIN Defendants from conducting foreclosure sale pending hearing

3. WAIVE bond requirement under Federal Rule 65(c) and Texas Civil Practice and Remedies Code § 65.043

4. REQUIRE production of original note and proof of standing to foreclose

5. DECLARE foreclosure proceedings void ab initio due to VOID/destroyed note

6. MAINTAIN status quo protecting constitutional homestead rights

7. GRANT such other relief as the Court deems just and proper

**Respectfully submitted,**

_Jay Nguyen_ 9/2/2025

**JIMMY NGUYEN, Pro Se**

2421 Deerwood Drive

Little Elm, Texas 75068

Phone: (972) 379-7003

Email: shortsaledfw@gmail.com

_Catherine Nguyen_ 9/2/2025

**CATHERINE NGUYEN, Co-Plaintiff Pro Se**

2421 Deerwood Drive

Little Elm, Texas 75068

Phone: (972) 379-7003

Email: shortsaledfw@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that I made a good faith effort to confer with counsel for Defendants but was unable to reach agreement due to the emergency nature of the imminent foreclosure sale and time constraints requiring immediate judicial intervention.

This certification complies with Federal Rule of Civil Procedure 65 and local court requirements.

9/2/25

**JIMMY NGUYEN, Pro Se**

2421 Deerwood Drive

Little Elm, Texas 75068

Phone: (972) 379-7003

Email: shortsaledfw@gmail.com