## CAUSE NO

| | | |
|---|---|---|
| JIMMY NGUYEN and CATHERINE NGUYEN, Plaintiffs, | § § § | IN THE UNITED STATES DISTRICT COURT |
| v. | § § § | FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, FAY SERVICING, LLC, ET AL., Defendants. | § § § § § § § | 4:25 cv 952 |

## TEMPORARY RESTRAINING ORDER

Having considered Plaintiffs' Ex Parte Application for Temporary Restraining Order, the supporting affidavits, exhibits, and good cause appearing therefor,

**FEDERAL RULE 65(b)(1) MANDATORY FINDINGS:**

This Order is entered on _____, 2025 at _____ pm based on specific facts showing that immediate and irreparable injury will result to Plaintiffs in the form of:

1. **Loss of constitutional homestead** and family shelter

2. **Destruction of $469,927 in home equity** (per official county assessment)
3. **Displacement from established community** and children's schools
4. **Irreversible harm** that cannot be compensated by monetary damages

This Order is issued without notice to Defendants because: 1. **Foreclosure sale is imminent** (September 2, 2025, 10:00 AM) 2. **Emergency circumstances** require immediate judicial intervention

3. **Plaintiff's counsel certifies** good faith efforts to confer were impossible due to emergency timing 4. **Immediate relief necessary** to prevent irreparable constitutional violations

**IT IS HEREBY ORDERED:**

**1. SPECIFIC RESTRAINT:** Defendants FAY SERVICING, LLC, US BANK TRUST NATIONAL ASSOCIATION, their agents, employees, trustees, substitute trustees, and all persons acting in concert with them, are specifically ENJOINED and RESTRAINED from:

a) Conducting any foreclosure sale of the real property located at **2421 Deerwood Drive, Little Elm, Texas 75068**
b) Posting any notices of foreclosure sale on said property
c) Advertising the property for foreclosure sale in any publication
d) Taking any action to complete or further the foreclosure process
e) Disturbing Plaintiffs' quiet enjoyment and possession of the property

**2. PRELIMINARY INJUNCTION HEARING:** The parties shall appear for a preliminary injunction hearing on _____, 2025 at _____ .pm in **Courtroom _____** to show cause why a preliminary injunction should not issue.

**3. CONSTITUTIONAL AUTHORITY:** This Order is issued based on **Wood v. HSBC Bank USA, N.A.**, 505 S.W.3d 542 (Tex. 2016), wherein the Texas Supreme Court confirmed that constitutional homestead protections under Texas Constitution Article XVI § 50(a)(6) are **"clear, unequivocal, and binding"** and violations create **"automatic forfeiture of the lender's security interest"** with lien **"void ab initio."**

**4. RESPONSE DEADLINE:** Defendants shall file their response to this application no later than _____, 2025 at **5:00 P.M.**, addressing specifically: a) Plaintiffs' systematic constitutional violations under Article XVI § 50(a)(6) b) Evidence of proper note possession despite VOID markings and JPMorgan "destroyed" affidavit c) Response to government-validated violations ($7M CFPB penalties during servicing period) d) Constitutional authority for foreclosure on home equity loan with multiple documented violations

**5. STATUS QUO MAINTAINED:** The status quo shall be maintained pending further order of this Court, with no changes to property ownership, possession, or liens.

**6. SERVICE REQUIREMENTS:** Plaintiffs shall immediately: a) Effectuate service of process pursuant to applicable rules b) Serve each Defendant with a copy of this Order c) File proof of service no later than _____, 2025 at **5:00 P.M.**

**7. ORDER DURATION:** This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date and time of its entry, expiring on _____, 2025 at _____ pm, unless extended by further order of this Court for good cause shown.

**8. NO SECURITY BOND REQUIRED:** The Court finds that no security is required under **Federal Rule 65(c)** for Texas Home Equity constitutional violations. **Texas Constitution Article XVI § 50(a)(6)** violations render the loan VOID AB INITIO with automatic **LENDER FORFEITURE** under **Wood v. HSBC Bank USA, N.A.**, 505 S.W.3d 542 (Tex. 2016). Constitutional violations create legal impossibility—Defendants owe Plaintiffs restitution, not the reverse. Federal Rule 65(c) cannot require security for restraining legally impossible foreclosure on constitutionally void note. This action presents constitutional violations of Texas Constitution Article XVI § 50 homestead protections requiring immediate relief without bond.

**9. EMERGENCY JUSTIFICATION:** This Order is entered due to the emergency nature of the scheduled foreclosure sale and the need to prevent irreparable harm to Plaintiffs' constitutional homestead rights.

**IT IS SO ORDERED.**

**ENTERED ON:** _____, 2025

**TIME:** _____ pm.

_____
**HONORABLE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that due to the emergency nature of this TRO application and the imminent foreclosure sale, service of this order on opposing parties was not practical before filing, but will be effectuated immediately upon entry of this temporary restraining order in accordance with Federal Rules of Civil Procedure.

_____          _____9/2/25_____
**JIMMY NGUYEN, Pro Se**                                       **Date**
**2421 Deerwood Drive**
**Little Elm, Texas 75068**
**Phone: (972) 379-7003**
**Email: shortsaledfw@gmail.com**