CAUSE NO

| | | |
|---|---|---|
| JIMMY NGUYEN AND CATHERINE NGUYEN, PLAINTIFFS, | § § § | IN THE UNITED STATES DISTRICT COURT |
| V. | § § § | FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, FAY SERVICING, LLC, ET AL., Defendants. | § § § § § § § § § | |

## AFFIDAVIT OF JIMMY NGUYEN IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

STATE OF TEXAS
COUNTY OF DENTON

BEFORE ME, the undersigned authority, on this day personally appeared

JIMMY NGUYEN, who, being by me duly sworn, upon oath stated:

_____

## I. PERSONAL KNOWLEDGE AND COMPETENCY

**1.** My name is Jimmy Nguyen. I am over twenty-one years of age, of sound mind, with personal knowledge of the facts stated herein, and fully competent to make this affidavit.

**2.** I am the owner of the real property located at 2421 Deerwood Drive, Little Elm, Texas 75068-6634, along with my spouse Catherine Nguyen, as confirmed by *2024 Collin County Tax Assessor records. We have continuously resided at this property as our homestead since 2004,* establishing over 21 years of continuous homestead occupancy and constitutional protection under Texas Constitution Article XVI § 50.

---

## II. FORECLOSURE EMERGENCY

**3. DISCOVERY OF AMBUSH FORECLOSURE THROUGH INVESTOR CONTACT**: I was contacted by real estate investors seeking to purchase my property after foreclosure. This was the FIRST AND ONLY notice I received that a foreclosure sale was scheduled for September 2, 2025 at 10:00 AM.

**4. COMPLETE CONSTITUTIONAL NOTICE FAILURE**: I was NEVER provided ANY of the constitutionally required notice elements mandated by Texas Property Code § 51.002 and constitutional due process:

The following notice elements required by **Texas Property Code § 51.002** were **NEVER PROVIDED** (Constitutional Violation): (a) No foreclosure sale DATE ever provided by Defendants; (b) No foreclosure sale TIME ever provided by Defendants; (c) No foreclosure sale LOCATION ever provided by Defendants; (d) No substitute trustee notice received as required by law; (e) No advance warning of any foreclosure proceedings; and (f) No opportunity to cure or respond to foreclosure action.

**5.** This foreclosure sale will cause immediate and irreparable injury consisting of loss of my family's homestead, destruction of equity value, and displacement from family residence that cannot be adequately compensated by monetary damages, including: (a) Loss of our constitutional homestead and $469,927 in equity (per *2024 Collin County Tax Assessor records* **(Exhibit F)**); (b) *Displacement from our established community where we have lived for over 21 years since 2004*; (c) Disruption to our children's education requiring immediate school transfer mid-academic year; (d) Educational instability causing irreparable harm to our minor children's academic progress and social development; and (e) Loss of established community ties and support networks.

### III. CENTRAL LEGAL IMPOSSIBILITY - NON-VALID NOTE

**6. LEGAL IMPOSSIBILITY - TWO CONSECUTIVE VOID ENDORSEMENTS BREAK CHAIN OF TITLE**: Defendants are attempting to foreclose using a note with a completely broken endorsement chain from inception. The note contains two consecutive VOID endorsements: (1) Jennifer Y Barbo endorsement marked STAMPED VOID and HAND WRITTEN VOID, and (2) Wells Fargo Bank, N.A. endorsement also marked STAMPED VOID and HAND WRITTEN VOID **(Exhibit A)**. This creates a complete 4-step broken chain: Jennifer Y Barbo (VOID) → Wells Fargo (VOID) → Elizabeth Sproat → JPMorgan Chase. Under basic principles of negotiable instruments law and *Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016)*, constitutional transfer chains must be valid for homestead lien enforcement. Two consecutive voided endorsements render any foreclosure attempt legally impossible and void ab initio.

**7. SWORN DESTRUCTION OF NON-VALID NOTE**: JPMorgan Chase admitted in a sworn affidavit dated July 31, 2013 that this same promissory note "has been lost or destroyed." This sworn statement creates an absolute legal impossibility - defendants cannot foreclose on a note that was sworn to be destroyed by the originating bank. The combination of VOID markings and sworn destruction renders this note completely non-valid for any legal purpose.

**8. REPEATED ATTEMPTS TO FORECLOSE USING NON-VALID NOTE**: Court records demonstrate defendants' repeated attempts to use the same non-valid note despite knowing of its legal impossibility: • *2022 Foreclosure Proceeding: Attempted foreclosure using non-valid note with VOID markings and sworn destruction (Exhibit B-2)* • *2023 Foreclosure Proceeding: Second attempt using identical non-valid note* **(Exhibit C)** • *2025* Foreclosure Proceeding: Current attempt using same non-valid note **(Exhibit D)**

Each attempt is legally impossible because defendants cannot establish standing using a non-valid note marked VOID and sworn destroyed by the original holder.

**9. 8-DAY POST-EXECUTION CONSTITUTIONAL VIOLATION: BORROWER EXECUTION DATE**: December 19, 2007 (verified in Texas Home Equity Security Instrument notary acknowledgment) **VP ENDORSEMENT DATE**: December 27, 2007 by Elizabeth Sproat, Vice President, The Lending Partners, LTD **DATE DIFFERENCE**: Eight (8) days after borrower execution **CONSTITUTIONAL VIOLATION**: Texas Constitution Article XVI § 50(a)(6)(Q)(iii) prohibits signing instruments with blanks in substantive terms, and Article XVI § 50(a)(6)(Q)(v) requires borrowers to receive copies of all executed documents at closing. The VP endorsement occurring eight days after borrower execution constitutes post-execution document manipulation, rendering the loan VOID AB INITIO under Article XVI § 50(c).

5

**10. BLANK COMPLETION CONSTITUTIONAL VIOLATION**: The original promissory note contains explicit constitutional warning language: "DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT." Under oath, I swear that the endorsement section contained blanks when we executed the note on December 19, 2007, and these blanks were not filled until eight days later on December 27, 2007, when Elizabeth Sproat, Vice President of The Lending Partners, LTD, completed the endorsement chain. Under Texas Constitution Article XVI § 50(a)(6)(Q)(iii), borrowers cannot sign home equity instruments with blanks in substantive terms. The post-execution completion of endorsement blanks violates this constitutional prohibition, rendering the loan VOID AB INITIO.

**11. CONSTITUTIONAL DOCUMENT COPY VIOLATION**: The original promissory note contains explicit constitutional warning language: "YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT." Under penalty of perjury, I swear that we never received a copy of the executed note as constitutionally mandated by Texas Constitution Article XVI § 50(a)(6)(Q)(v). This failure prevented discovery of the void endorsement chain and constitutional violations until 2025, violating our due process rights to examine all loan documentation.

## IV. CURRENT DEFENDANTS' DEFECTIVE CHAIN OF TITLE

**12. CURRENT DEFENDANTS' LEGAL IMPOSSIBILITY**: US Bank Trust National Association and Fay Servicing LLC claim authority through this fundamentally broken chain of title:

**US BANK TRUST POSITION**: Claims to hold the note as trustee, but cannot establish valid transfer from JPMorgan Chase due to: (a) JPMorgan's sworn statement that note was "lost or destroyed" (2013); (b) JPMorgan's endorsement was based on previously voided Wells Fargo endorsement; and (c) Legal impossibility under Texas Property Code § 51.0025.

**FAY SERVICING POSITION**: Claims authority as servicer and debt collector, but: (a) Cannot service debt secured by legally impossible note; (b) Violates FDCPA by attempting to collect debt based on destroyed instrument; and (c) Subject to $7 million CFPB enforcement for identical systematic violations.

## V. SYSTEMATIC SERVICER VIOLATIONS

**13. REPEAT OFFENDER - SYSTEMATIC EXCLUSION FROM MULTIPLE CONSENT ORDER REDRESS PROGRAMS**: Fay Servicing is a repeat federal law violator with multiple CFPB consent orders in effect during their servicing of our loan (2021-2025). The CFPB previously sanctioned Fay in File No. 2017-CFPB-0014 (June 6, 2017) for similar violations. Despite this prior enforcement, Fay violated the 2017 consent order, leading to a second CFPB enforcement in File No. 2024-CFPB-0007. The CFPB confirmed that Fay Servicing engaged in 8 distinct categories of federal law violations, including systematic "notice failures" where they "failed to send, or timely send, required notices" and "sent required notices with inaccurate and incomplete information," and loss mitigation failures where they improperly denied or delayed mortgage modifications and foreclosure alternatives.

**14. PATTERN OF REGULATORY ENFORCEMENT EXCLUSION**: During Fay Servicing's administration of our home equity extension of credit (2021-2025), multiple CFPB consent orders were in effect requiring consumer redress programs for borrowers experiencing identical violations. These enforcement actions included redress programs for notice failures, loss mitigation denials, foreclosure procedural violations, and servicer misconduct. Despite experiencing the same violations documented in these enforcement actions - including complete absence of foreclosure notice, improper loss mitigation handling, and systematic servicer failures - we were systematically excluded from identification as affected borrowers in each redress program.

**15. INSTITUTIONAL FAILURE TO IDENTIFY ACTUAL VICTIMS** The CFPB Termination Order filed July 1, 2024 confirms Fay paid $7 million total enforcement ($2 million civil penalty + $3 million consumer redress + $2 million compliance investment) for repeat violations of CFPA, RESPA, TILA, and HPA **(Exhibit E)**. This exclusion from multiple consumer redress programs demonstrates institutional failure by both Fay Servicing and regulatory authorities to identify actual victims of systematic violations, allowing ongoing harm from a repeat offender whose violations continue despite multiple government sanctions.

---

## VI. CONSTITUTIONAL VIOLATIONS

**16. CONSTITUTIONAL DUE PROCESS VIOLATIONS**: My loan is a Texas Home Equity loan subject to Texas Constitution Article XVI protections. Constitutional homestead protections under Texas Constitution Article XVI require strict compliance with all procedural safeguards before foreclosure may proceed.

**17.** The complete absence of foreclosure notice violates multiple constitutional protections established by federal precedent: a) Fifth Amendment Due Process: Property cannot be taken without adequate notice (*Mennonite Board of Missions v. Adams, 462 U.S. 791* (1983)) b) Fourteenth Amendment Due Process: State action requires constitutional notice (*Mathews v. Eldridge, 424 U.S. 319* (1976)) c) Notice must be reasonably calculated to reach interested parties (*Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)*) d) Texas Constitution Article XVI § 50: Enhanced homestead protection requirements e) Texas Property Code § 51.002: Mandatory notice provisions for foreclosure sales

**18.** Under *Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542 (Tex. 2016)*, these constitutional violations render the entire loan void ab initio with automatic forfeiture of principal and interest under Texas Constitution Article XVI § 50(a)(6)(Q)(x).

---

### VII. IRREPARABLE CONSTITUTIONAL HARM

**19. IRREPARABLE CONSTITUTIONAL HARM**: Loss of this property would cause irreparable constitutional harm to our family that cannot be adequately compensated by monetary damages, including:

**CONSTITUTIONAL DEPRIVATIONS**: (a) Fifth Amendment Due Process Violation: Deprivation of property without constitutionally adequate notice and procedural safeguards; (b) Fourteenth Amendment Due Process Violation: State-sanctioned foreclosure without constitutional compliance; (c) Texas Constitution Article XVI § *50 Homestead Immunity: Loss of constitutionally protected homestead status;* and *(d) Constitutional Home Equity Protections: Enforcement of void loan violating Texas Constitution Article XVI § 50*(a)(6).

**FAMILY DISPLACEMENT HARMS**: (e) Forced displacement from family residence through procedurally invalid foreclosure using legally impossible VOID/destroyed note; (f) Educational disruption to minor children requiring school transfers and community disconnection; (g) Community ties severing: Loss of neighborhood relationships, local connections, and family support systems established over 21 years of continuous residence since 2004; and (h) Healthcare disruption: Loss of established medical providers and continuity of care for family members.

**FINANCIAL AND PROPERTY HARMS**: (i) Loss of $469,927 in home equity (per 2024 Collin County Tax Assessor records **(Exhibit F)**); (j) Forced sale at foreclosure discount: Property worth $469,927 likely sold for significantly less than market value; (k) Credit damage from wrongful foreclosure based on legally impossible note; and (l) Loss of homestead tax exemptions and property tax protections.

**CONSTITUTIONAL PRECEDENT HARMS**: (m) Violation of constitutional precedent: Enforcement despite Wood *v. HSBC Bank USA*, N.A. requiring constitutional compliance; (n) Erosion of homestead protection: Allowing foreclosure despite multiple constitutional violations; and (o) Government-validated systematic violator: Permitting foreclosure by entity with $7M CFPB enforcement for identical violations.

**EMERGENCY TIME-SENSITIVE HARMS**: (p) Legal counsel deprivation: Insufficient time to secure qualified constitutional law representation before September 2, 2025; (q) Evidence preservation emergency: Imminent foreclosure prevents adequate discovery and documentation of violations; and (r) Constitutional rights emergency: Once foreclosure occurs, constitutional homestead protections are permanently lost.

---

## VIII. CONSTITUTIONAL FORFEITURE AND IMMUNITY

**20. SUPERIOR CONSTITUTIONAL AUTHORITY - WOOD *v.* HSBC PRECEDENT**: Under *Wood v. HSBC Bank USA*, N.A., *505 S.W.3d 542 (Tex. 2016)*, the Texas Supreme Court confirmed that constitutional homestead protections are "clear, unequivocal, and binding" and constitutional violations render home equity liens VOID AB INITIO with automatic forfeiture of the lender's security interest. Our case presents superior evidence compared to Wood, including physical proof of constitutional violations (8-day post-execution endorsement), two consecutive VOID endorsements destroying chain of title, and government validation through federal regulatory enforcement actions.

**21. CONSTITUTIONAL FORFEITURE - DEFENDANTS OWE RESTITUTION**: Under Texas Constitution Article XVI § 50(a)(6)(Q)(x) and *Wood v. HSBC Bank USA*, N.A., *505 S.W.3d 542 (Tex. 2016)*, constitutional violations trigger automatic forfeiture of all principal and interest by the lender. The documented constitutional violations render defendants liable for complete forfeiture, meaning rather than owing defendants any money, they owe us restitution for all payments made under the constitutionally void extension of credit. This constitutional forfeiture provision provides complete protection against invalid home equity loans.

**22. CONSTITUTIONAL HOMESTEAD IMMUNITY**: Under Texas Constitution Article XVI § 50(c), "No ... lien on the homestead shall ever be valid unless it secures a debt described by this section." As confirmed in Wood *v.* HSBC, this language is "clear, unequivocal, and binding." The multiple constitutional violations render any attempted lien completely invalid and unenforceable against our homestead property, providing absolute constitutional immunity from this foreclosure action.

**23. LEGAL IMPOSSIBILITY OF FORECLOSURE**: The defendants face an insurmountable legal impossibility - they cannot foreclose on a promissory note that bears consecutive VOID endorsements and was sworn to be "lost or destroyed" by JPMorgan Chase in 2013. Under Wood *v. HSBC Bank USA*, N.A., *505 S.W.3d 542 (Tex. 2016)*, defendants cannot establish standing to foreclose using a constitutionally void instrument that violates Texas Constitution Article XVI § 50 from inception.

---

## IX. PRAYER FOR RELIEF

**24. WHEREFORE**, I respectfully request this Honorable Court:

## PRIMARY EMERGENCY RELIEF:

**1. GRANT** Plaintiffs' Ex Parte Application for Temporary Restraining Order and immediately **RESTRAIN and ENJOIN** Defendants, their agents, employees, attorneys, and all persons acting in concert with them from: a) Conducting any foreclosure sale of our property at 2421 Deerwood Drive, Little Elm, Texas 75068-6634; b) Taking any action to transfer, convey, or dispose of our property; c) Posting any foreclosure notices or conducting any foreclosure proceedings; d) Taking any action to dispossess us from our constitutional homestead;

## CONSTITUTIONAL DETERMINATIONS:

**2. FIND** that the promissory note is **VOID AB INITIO** under **Texas Constitution Article XVI § 50(a)(6)** due to 8-day post-execution constitutional violations;

**3. DETERMINE** that JPMorgan Chase's sworn affidavit that the note was "lost or destroyed" creates legal impossibility for any foreclosure proceedings;

**4. DECLARE** that Defendants lack standing to foreclose under **Texas Property Code § 51.0025** due to broken chain of title and VOID endorsements;

## PROCEDURAL ORDERS:

**5. ORDER** that this Temporary Restraining Order remain in effect until further order of this Court;

**6. SCHEDULE** a hearing on Plaintiffs' Application for Preliminary Injunction within fourteen (14) days;

**7. GRANT** such other and further relief as this Court deems just and proper under **both federal constitutional law and Texas state law**.

_____

**DUAL JURISDICTION AUTHORITY**: The violations described herein provide **independent and cumulative grounds** for emergency relief under **both federal law** (constitutional due process, CFPA, RESPA, TILA) and **Texas state law** (constitutional homestead protection, Finance Code, Property Code), supporting venue in **either federal or state court** as Plaintiffs may elect.

## FURTHER AFFIANT SAYETH NOT.

_____

_____  9/1/25

**JIMMY NGUYEN**
2421 Deerwood Drive Little Elm, Texas 75068-*6634*
*Phone: (972) 379-7003*
*Email: shortsaledfw@gmail.com*

## NOTARY ACKNOWLEDGMENT

**SUBSCRIBED AND SWORN TO** before me by **JIMMY NGUYEN** on this __1st__ day of __September__, 2025.

_____  Notary Public, State of Texas My County of Denton
Commission Expires: Feb 16, 2029

[NOTARY SEAL]

GINGER Q SMITH
Notary ID #12021322
My Commission Expires
February 16, 2029