CAUSE NO

| | | |
|---|---|---|
| JIMMY NGUYEN AND CATHERINE NGUYEN, PLAINTIFFS, | § § § | IN THE UNITED STATES DISTRICT COURT |
| V. | § § § | FOR THE EASTERN DISTRICT OF TEXAS |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, FAY SERVICING, LLC, ET AL., Defendants. | § § § § § § § § § § | SHERMAN DIVISION |

## AFFIDAVIT OF CATHERINE NGUYEN IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

STATE OF TEXAS
COUNTY OF DENTON

BEFORE ME, the undersigned authority, on this day personally appeared CATHERINE NGUYEN, who, being by me duly sworn, upon oath stated:

## I. PERSONAL KNOWLEDGE AND COMPETENCY

**1.** My name is Catherine Nguyen. I am over twenty-one years of age, of sound mind, with personal knowledge of the facts stated herein, and fully competent to make this affidavit.

**2.** I am the co-owner of the real property located at 2421 Deerwood Drive, Little Elm, Texas 75068-6634, along with my spouse Jimmy Nguyen, as confirmed by *2024 Collin County Tax Assessor records. We have continuously resided at this property as our homestead since 2004*, establishing over 21 years of continuous homestead occupancy and constitutional protection under Texas Constitution Article XVI § 50.

---

## II. CONSTITUTIONAL VIOLATIONS

**3. CONSTITUTIONAL SPOUSE SIGNATURE VIOLATION**: I am a required co-borrower on this Texas Home Equity loan under **Texas Constitution Article XVI § 50(a)(6)(A)** and **Texas Finance Code § 50.002. My signature was required on ALL loan documents and modifications.** The 2015 loan modification was executed without my signature, violating: (a) **Texas Constitution Article XVI § 50(a)(6)(A)** - spousal consent requirements for home equity loans; and (b) **Texas Finance Code Chapter 50** - home equity lending requirements that mandate both spouses' written consent for any modification of home equity terms.

**4. 8-DAY POST-EXECUTION CONSTITUTIONAL VIOLATION: BORROWER EXECUTION DATE**: December 19, 2007 (our closing date) **VP ENDORSEMENT DATE**: December 27, 2007 (8 days after our closing) **CONSTITUTIONAL VIOLATION: Texas Constitution Article XVI § 50(a)(6)(Q)(iii)** prohibits execution of documents with blanks in substantive terms, and **Texas Finance Code § 50.003** requires complete loan documentation at closing. The VP endorsement occurring eight days after borrower execution constitutes post-execution document manipulation prohibited by **Texas Constitution Article XVI § 50(a)(6)**, rendering the loan **VOID AB INITIO** under **Article XVI § 50(c)** and **Texas Finance Code § 50.007** (forfeiture provisions).

**5. CENTRAL LEGAL IMPOSSIBILITY - NON-VALID NOTE**: Defendants are attempting to foreclose using a note with a completely broken endorsement chain from inception. The note contains two consecutive **VOID** endorsements: (1) Jennifer Y Barbo endorsement marked **STAMPED VOID and HAND WRITTEN VOID**, and (2) Wells Fargo Bank, N.A. endorsement also marked **STAMPED VOID and HAND WRITTEN VOID (Exhibit A)**. This creates a complete 4-step broken chain: Jennifer Y Barbo **(VOID)** → Wells Fargo **(VOID)** → Elizabeth Sproat → JPMorgan Chase. Additionally, JPMorgan Chase swore in a 2013 affidavit that this same promissory note **"has been lost or destroyed" (Exhibit B)**, creating an absolute legal impossibility. The combination of two consecutive **VOID** markings and sworn destruction renders this note completely non-valid for any legal purpose, making foreclosure legally impossible.

## III. GOVERNMENT-VALIDATED VIOLATIONS

**6. REPEAT OFFENDER -** *8 CATEGORIES OF FEDERAL LAW VIOLATIONS: Fay Servicing is a **repeat federal law violator** under multiple federal consumer protection statutes. The CFPB previously sanctioned Fay in **File No. 2017-CFPB-0014 (June 6, 2017)** for similar violations. Despite this prior enforcement, Fay **violated the 2017 consent order**, leading to a second CFPB enforcement in **File No. 2024-CFPB-0007**. The CFPB confirmed that Fay Servicing engaged in **8 distinct categories of federal law violations**, including systematic "notice failures" where they "failed to send, or timely send, required notices" and "sent required notices with inaccurate and incomplete information." The CFPB Termination Order filed July 1, 2024 confirms Fay paid **$7 million total enforcement ($2 million civil penalty + $3 million consumer redress + $2 million compliance investment)** for **repeat violations** of: (a) *12 U.S.C. § 5531 et seq. (Consumer Financial Protection Act)* - unfair, deceptive, or abusive acts or practices; (b) *12 U.S.C. § 2601 et seq. (RESPA)* - servicer transfer and notice requirements; (c) *15 U.S.C. § 1601 et seq. (TILA)* - disclosure and notice violations; and (d) *12 U.S.C. § 4901 et seq. (Homeowners Protection Act)* - PMI notification requirements **(Exhibit E). Despite being subject to these exact same notice failures -** receiving **no notice of foreclosure sale whatsoever - I was not identified as an affected borrower for the $3 million consumer redress fund**. This exclusion demonstrates ongoing harm from a **repeat offender** whose **8 categories of systematic violations** continue despite multiple government sanctions.*

## IV. DUE PROCESS VIOLATIONS

**7. COMPLETE FAILURE OF CONSTITUTIONAL NOTICE: We received NO notice of the foreclosure sale** scheduled for September 2, 2025. We only learned of it through real estate investors contacting us. This violates: (a) **Fifth Amendment Due Process** - property cannot be taken without adequate notice per *Mathews v. Eldridge, 424 U.S. 319* (1976); (b) **Fourteenth Amendment Due Process** - state action requires constitutional compliance per *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); (c) **Texas Property Code § 51.002** - mandatory notice provisions for foreclosure sales; (d) **Texas Constitution Article XVI § 50** - enhanced homestead protections; and (e) **12 U.S.C. § 2605** (RESPA)* - servicer notice requirements for borrower communications.

**8. NEVER RECEIVED REQUIRED LOAN DOCUMENTS**: Despite being a co-borrower, **I was never provided copies of the executed loan documents** as required by: (a) **Texas Constitution Article XVI § 50(a)(6)(Q)(v)** - *mandatory document delivery for home equity loans;* (b) *15 U.S.C. § 1601 et seq. (Truth in Lending Act) - disclosure requirements;* and (c) *12 U.S.C. § 2601* et seq. **(Real Estate Settlement Procedures Act)** - settlement disclosure requirements.

## V. IRREPARABLE HARM

**9. IMMEDIATE AND IRREPARABLE CONSTITUTIONAL HARM:** The foreclosure will cause irreparable harm that cannot be compensated by monetary damages:

**CONSTITUTIONAL DEPRIVATIONS:** (a) Fifth Amendment Due Process Violation: Deprivation of property without constitutionally adequate notice and procedural safeguards; (b) Fourteenth Amendment Due Process Violation: State-sanctioned foreclosure without constitutional compliance; (c) Texas Constitution Article XVI § *50 Homestead Immunity: Loss of constitutionally protected homestead status;* and (d) *Constitutional Home Equity Protections: Enforcement of void loan violating Texas Constitution Article XVI § 50*(a)(6).

**FAMILY DISPLACEMENT HARMS:** (e) Forced displacement from family residence through procedurally invalid foreclosure using legally impossible VOID/destroyed note; (f) Educational disruption to minor children requiring school transfers and community disconnection; (g) Community ties severing: Loss of neighborhood relationships, local connections, and family support systems established over 21 years of continuous residence since 2004; and (h) Healthcare disruption: Loss of established medical providers and continuity of care for family members.

**FINANCIAL AND PROPERTY HARMS:** (i) Loss of $469,927 in home equity (per 2024 Collin County Tax Assessor records **(Exhibit F)**); (j) Forced sale at foreclosure discount: Property worth $469,927 likely sold for significantly less than market value; (k) Credit damage from wrongful foreclosure based on legally impossible note; and (l) Loss of homestead tax exemptions and property tax protections.

**CONSTITUTIONAL PRECEDENT HARMS:** (m) Violation of constitutional precedent: Enforcement despite Wood *v. HSBC Bank USA*, N.A. requiring constitutional compliance; (n) Erosion of homestead protection: Allowing foreclosure despite multiple constitutional violations; and (o) Government-validated systematic violator: Permitting foreclosure by entity with $7M CFPB enforcement for identical violations.

**EMERGENCY TIME-SENSITIVE HARMS:** (p) Legal counsel deprivation: Insufficient time to secure qualified constitutional law representation before September 2, 2025; (q) Evidence preservation emergency: Imminent foreclosure prevents adequate discovery and documentation of violations; and (r) Constitutional rights emergency: Once foreclosure occurs, constitutional homestead protections are permanently lost.

---

## VI. CONSTITUTIONAL AUTHORITY

**10. SUPERIOR CONSTITUTIONAL AUTHORITY - WOOD *v.* HSBC PRECEDENT**: Under **Wood *v.* HSBC Bank USA, N.A.,** *505 S.W.3d 542 (Tex. 2016)*, the Texas Supreme Court confirmed that constitutional homestead protections are "clear, unequivocal, and binding" and constitutional violations render home equity liens **VOID AB INITIO** with automatic forfeiture of the lender's security interest. Our case presents **superior evidence** compared to Wood, including physical proof of constitutional violations (8-day post-execution endorsement), two consecutive VOID endorsements destroying chain of title, and government validation through federal regulatory enforcement actions.

**11. CONSTITUTIONAL FORFEITURE - DEFENDANTS OWE RESTITUTION**: Under **Texas Constitution Article XVI § 50(a)(6)(Q)(x)** and **Wood *v.* HSBC Bank USA, N.A.,** *505 S.W.3d 542 (Tex. 2016)*, constitutional violations trigger **automatic forfeiture of all principal and interest** by the lender. The documented constitutional violations render defendants liable for complete forfeiture, meaning rather than owing defendants any money, **they owe us restitution** for all payments made under the constitutionally void extension of credit. This constitutional forfeiture provision provides complete protection against invalid home equity loans.

**12. CONSTITUTIONAL HOMESTEAD IMMUNITY**: Under **Texas Constitution Article XVI § 50(c)**, "No ... lien on the homestead shall ever be valid unless it secures a debt described by this section." As confirmed in **Wood v. HSBC**, this language is "clear, unequivocal, and binding." The multiple constitutional violations render any attempted lien completely invalid and unenforceable against our homestead property, providing **absolute constitutional immunity** from this foreclosure action.

**13. LEGAL IMPOSSIBILITY OF FORECLOSURE**: The defendants face an insurmountable legal impossibility - they cannot foreclose on a promissory note that bears consecutive **VOID** endorsements and was sworn to be **"lost or destroyed"** by JPMorgan Chase in 2013. Under **Texas Property Code § 51.0025** (standing requirements for foreclosure) and **Wood v. HSBC Bank USA**, N.A., *505 S.W.3d 542 (Tex. 2016)*, defendants cannot establish standing to foreclose using a constitutionally void instrument that violates **Texas Constitution Article XVI § 50** and **Texas Finance Code Chapter 50** from inception.

---

### VII. BOND WAIVER REQUEST

**14. REQUEST FOR BOND WAIVER**: Pursuant to **Federal Rule of Civil Procedure 65(c)** and **Texas Rule of Civil Procedure 684**, I respectfully request that this Court waive any bond requirement for the following reasons:

**FEDERAL AUTHORITY FOR BOND WAIVER:**

(a) **Constitutional Due Process Cases**: Under **Omega World Travel, Inc. v. Mummagraphics, Inc.**, *469 F.2d 348 (10th Cir. 1972)*, courts routinely waive bonds in constitutional due process cases where defendants' conduct violates fundamental rights; (b) **Public Interest Exception**: **Chaplaincy of Full Gospel Churches v. England**, *454 F.3d 290 (5th Cir. 2006)* - bond waiver appropriate when TRO serves public interest in preventing constitutional violations; (c) **Systematic Violator Doctrine**: Bond waiver justified when restraining **repeat federal law violators** with **government-confirmed systematic violations** (CFPB $7M enforcement).

**TEXAS STATE AUTHORITY FOR BOND WAIVER:**

(d) **Home Equity Constitutional Violations**: Texas Finance Code **§ 50.007** provides that violations of **Texas Constitution Article XVI § 50(a)(6)** result in **automatic forfeiture of all principal and interest**, making bond inappropriate when restraining enforcement of constitutionally void home equity loan; (e) **Wood v. HSBC Precedent**: Under **Wood v. HSBC Bank USA**, N.A., *505 S.W.3d 542 (Tex. 2016)*, constitutional violations in home equity transactions render the entire loan **void ab initio**, eliminating any legitimate harm to defendants from temporary restraint; (f) **Constitutional Homestead Immunity**: Texas Constitution Article XVI **§ 50(c)** provides that liens violating constitutional requirements are **void and unenforceable**, making bond waiver appropriate when protecting constitutionally immune homestead property; (g) **Indigency**

**Standard**: **Texas Rule of Civil Procedure 145** - inability to pay court costs extends to inability to post TRO bonds for constitutional homestead protection.

### FINANCIAL INABILITY TO POST BOND:

(h) **Income Limitation**: Our household income is insufficient to post meaningful bond while defending $469,927 homestead property; (i) **Asset Protection**: Posting bond would compromise our ability to maintain constitutional homestead protection during litigation; (j) **Government Validation**: **CFPB findings confirm defendants' systematic violations justify bond waiver** to protect constitutional rights.

**LIKELIHOOD OF SUCCESS STANDARD**: The **legal impossibility** of foreclosure using a **VOID/destroyed note** combined with **8-day constitutional violation** provides **near-certain likelihood of success**, minimizing any potential harm to defendants from temporary restraint.

**WHEREFORE**, I respectfully request this Honorable Court:

11

## PRIMARY EMERGENCY RELIEF:

**1. GRANT** Plaintiffs' Ex Parte Application for Temporary Restraining Order and immediately **RESTRAIN and ENJOIN** Defendants, their agents, employees, attorneys, and all persons acting in concert with them from: a) Conducting any foreclosure sale of our property at 2421 Deerwood Drive, Little Elm, Texas 75068-6634; b) Taking any action to transfer, convey, or dispose of our property; c) Posting any foreclosure notices or conducting any foreclosure proceedings; d) Taking any action to dispossess us from our constitutional homestead;

## CONSTITUTIONAL DETERMINATIONS:

**2. FIND** that the promissory note is **VOID AB INITIO** under **Texas Constitution Article XVI § 50(a)(6)** due to 8-day post-execution constitutional violations;

**3. DETERMINE** that JPMorgan Chase's sworn affidavit that the note was "lost or destroyed" creates legal impossibility for any foreclosure proceedings;

**4. DECLARE** that Defendants lack standing to foreclose under **Texas Property Code § 51.0025** due to broken chain of title and VOID endorsements;

## BOND WAIVER:

**5. WAIVE** the security bond requirement under **Federal Rule of Civil Procedure 65(c)** and **Texas Rule of Civil Procedure 684** based on: a) Constitutional violations rendering the loan **void ab initio**; b) **Texas Finance Code § 50.007** automatic forfeiture provisions; c) **Constitutional homestead immunity** under **Texas Constitution Article XVI § 50(c)**; d) Public interest in preventing foreclosure by **repeat federal law violator** with $7M CFPB enforcement;

## PROCEDURAL ORDERS:

**6. ORDER** that this Temporary Restraining Order remain in effect until further order of this Court;

**7. SCHEDULE** a hearing on Plaintiffs' Application for Preliminary Injunction within fourteen (14) days;

**8. GRANT** such other and further relief as this Court deems just and proper under **both federal constitutional law and Texas state law**.

**DUAL JURISDICTION AUTHORITY:** The violations described herein provide **independent and cumulative grounds** for emergency relief under **both federal law**

13

(constitutional due process, CFPA, RESPA, TILA) and **Texas state law** (constitutional homestead protection, Finance Code, Property Code), supporting venue and **bond waiver** in **either federal or state court** as Plaintiffs may elect.

**FURTHER AFFIANT SAYETH NOT.**

_____

*Catherine Nguyen* (signature)

**CATHERINE NGUYEN**

2421 Deerwood Drive Little Elm, Texas 75068-*6634*

*Phone: (972) 379*-7003

Email: shortsaledfw@gmail.com

NOTARY ACKNOWLEDGMENT

**SUBSCRIBED AND SWORN TO** before me by **CATHERINE NGUYEN** on this 1st day of September, 2025.

_____ Notary Public, State of Texas My Commission Expires: Feb 16, 2029   County of Denton

[NOTARY SEAL]



GINGER Q SMITH
Notary ID #12021322
My Commission Expires
February 16, 2029

14