CAUSE NO. 4:25cv952

| | | |
|---|---|---|
| JIMMY NGUYEN AND CATHERINE NGUYEN, PLAINTIFFS, | § § § § § § § § § § § § § § | IN THE UNITED STATES DISTRICT COURT |
| v. | | FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION |
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST, FAY SERVICING, LLC, ET. AL, Defendants. | | |

## PRO SE CERTIFICATE REGARDING NOTICE

## PURSUANT TO FEDERAL RULE 65(b)(1)(B)

### STATE OF TEXAS
### COUNTY OF DENTON

I. CERTIFICATION PURSUANT TO FEDERAL RULE 65(b)(1)(B)

I, **Jimmy Nguyen**, appearing pro se on behalf of myself and my spouse Catherine Nguyen, hereby certify pursuant to **Federal Rule of Civil Procedure 65(b)(1)(B)** regarding efforts to give notice to adverse parties and reasons why notice should not be required:

II. EFFORTS MADE TO GIVE NOTICE TO ADVERSE PARTIES

**Upon discovering the foreclosure emergency, I made the following good faith efforts to provide notice to Defendants:**

1. **DISCOVERY DATE**: I learned of the foreclosure sale scheduled for September 2, 2025, through unsolicited contact from real estate investors, though I cannot locate any public notice posting that would have enabled these investors to discover the sale information.

2. **IMMEDIATE CONTACT ATTEMPTS**:

- o **I did not contact Fay Servicing LLC** due to my multiple previous attempts to resolve loan issues without success and because they provided no notice of foreclosure sale to me or my spouse
- o **Result:** I determined contact would have been futile given Defendants' systematic failure to provide required foreclosure notice to us

3. **ATTEMPTED COUNSEL CONTACT:**

    - o **Searched for opposing counsel** through public records and previous correspondence
    - o **Weekend / Holiday**
    - o **Result:** - Contact was not feasible due to the timing constraints

4. **PUBLIC RECORD REVIEW:**

    - o **Searched Denton County public records** for any posted foreclosure notices
    - o **Found:** No foreclosure sale notice posted or available in public records
    - o **Confirmed:** Complete failure to provide constitutionally required notice to homeowners

5. **ADDITIONAL EFFORTS:**

    - o **Reviewed all loan correspondence** from Defendants seeking any foreclosure notice - NONE FOUND
    - o **Searched for trustee contact information** through public records to provide direct notice

## III. REASONS WHY NOTICE TO ADVERSE PARTY SHOULD NOT BE REQUIRED

**Notice to Defendants should not be required for the following compelling reasons based on our case involving multiple constitutional violations and legal impossibilities:**

**CASE SUMMARY:**

This emergency involves a Texas Home Equity loan with: (1) **8-day constitutional violation** - VP endorsement completed December 27, 2007, eight days after borrower execution December 19, 2007; (2) **Non-valid note** with two consecutive VOID endorsements breaking chain of title; (3) **Sworn destruction** by JPMorgan in 2013 court affidavit; (4) **Government-validated violations** through $7M CFPB enforcement; (5) **Complete notice failure** - no foreclosure notice provided to homeowners; and (6) **Consumer redress exclusion** - despite experiencing identical notice failures documented in CFPB enforcement, we were systematically excluded from $3M consumer redress fund designed to compensate victims of these exact violations.

### A. DEFENDANTS' CONSTITUTIONAL NOTICE VIOLATIONS

1. **DEFENDANTS PROVIDED NO NOTICE**: Defendants completely failed to provide any foreclosure notice to homeowners as required by constitutional due process
2. **AMBUSH FORECLOSURE TACTICS**: Systematic denial of basic constitutional notice protections
3. **LEGAL RECIPROCITY FAILURE**: Defendants cannot claim entitlement to notice they themselves denied to homeowners
4. **NOTICE INCONSISTENCY**: Real estate investors somehow learned of the foreclosure sale despite no visible public posting, suggesting improper or selective notice practices
5. **CONSTITUTIONAL VIOLATION PATTERN**: Government-confirmed systematic notice violations through CFPB File No. 2024-CFPB-0007 (August 21, 2024) resulting in $7M total enforcement ($2M civil penalty + $3M consumer redress + $2M compliance investment) for 8 categories of federal law violations including systematic "notice failures"
6. **SPOUSAL NOTICE VIOLATION**: Co-owner Catherine Nguyen never received required constitutional notice despite being required co-borrower under Article XVI § 50(a)(6)

### B. EMERGENCY CIRCUMSTANCES REQUIRING IMMEDIATE RELIEF

1. **IMMINENT FORECLOSURE SALE**: Sale scheduled for September 2, 2025, with minimal time to respond
2. **CONSTITUTIONAL EMERGENCY**: Fundamental due process rights under immediate threat
3. **IRREPARABLE CONSTITUTIONAL HARM**: Family homestead and constitutional rights cannot be restored once violated
4. **TIME-SENSITIVE NATURE**: Emergency relief required before Defendants can be heard in opposition

### C. LEGAL IMPOSSIBILITY AND PROCEDURAL VIOLATIONS

1. **8-DAY CONSTITUTIONAL VIOLATION**: VP endorsement completed December 27, 2007, eight days after borrower execution December 19, 2007, violating Texas Constitution Article XVI § 50(a)(6) requirements for complete documents at closing
2. **NON-VALID NOTE WITH CONSECUTIVE VOID ENDORSEMENTS**: Physical evidence shows two consecutive VOID endorsements (Jennifer Y Barbo VOID → Wells Fargo VOID) breaking chain of title from inception
3. **DESTROYED NOTE CONFIRMATION**: JPMorgan swore in 2013 court affidavit that note was "lost or destroyed"
4. **LEGAL IMPOSSIBILITY**: Cannot foreclose on note with consecutive VOID markings and sworn destruction

5. **SYSTEMATIC REGULATORY VIOLATIONS**: $7M CFPB enforcement (File No. 2024-CFPB-0007, August 21, 2024, Termination Order July 1, 2025) during our servicing period for identical violations including systematic "notice failures" where they "failed to send, or timely send, required notices"

## D. GOOD FAITH EFFORTS FRUSTRATED BY DEFENDANTS' VIOLATIONS

1. **REASONABLE EFFORTS MADE**: Despite Defendants' notice failures, I made good faith efforts to provide reciprocal notice
2. **INFORMATION DENIAL**: Defendants' failure to provide basic foreclosure information prevented adequate notice
3. **REPEAT OFFENDER PATTERN**: Fay Servicing previously sanctioned in File No. 2017-CFPB-0014 (June 6, 2017), violated that order, leading to second enforcement File No. 2024-CFPB-0007
4. **CONSUMER REDRESS EXCLUSION**: Despite experiencing identical notice failures documented in CFPB enforcement, we were excluded from $3M consumer redress fund, demonstrating ongoing harm
5. **CONSTITUTIONAL PRIORITY**: Due process violations by repeat federal law violator justify ex parte emergency relief
6. **JUDICIAL EFFICIENCY**: Emergency circumstances require immediate court intervention

## IV. CONSTITUTIONAL AUTHORITY SUPPORTING EX PARTE RELIEF

**Federal constitutional authority supports ex parte relief when:**

1. **Mennonite Board of Missions v. Adams**, 462 U.S. 791 (1983): Due process requires adequate notice before property deprivation - **COMPLETELY ABSENT HERE**

2. **Mathews v. Eldridge**, 424 U.S. 319 (1976): Emergency circumstances justify abbreviated procedures when constitutional rights are threatened

3. **Wood v. HSBC Bank USA, N.A.**, 505 S.W.3d 542 (Tex. 2016): Constitutional homestead protection requires strict procedural compliance - **SYSTEMATICALLY VIOLATED**

4. **Martins v. BAC Home Loans Servicing, L.P.**, 722 F.3d 249 (5th Cir. 2013): Party seeking to enforce note must establish both possession and entitlement to enforce - **LEGALLY IMPOSSIBLE with consecutive VOID endorsements and sworn destruction**

5. **Government Validation**: $7M CFPB enforcement (File No. 2024-CFPB-0007, August 21, 2024) confirms systematic violations during our servicing period, with Termination Order filed July 1, 2025, after Fay paid required penalties and consumer redress

## V. DECLARATION UNDER PENALTY OF PERJURY

**Under penalty of perjury under the laws of the United States**, I declare that:

1. The foregoing efforts to give notice are true and accurate
2. The reasons stated for not requiring notice are based on factual circumstances and legal authority
3. This certification is made in good faith pursuant to Federal Rule 65(b)(1)(B)
4. Emergency circumstances genuinely require immediate ex parte relief to prevent irreparable constitutional harm

**EXECUTED** on this __01__ day of __September__ 2025.

**JIMMY NGUYEN**
Pro Se Plaintiff
2421 Deerwood Drive
Little Elm, Texas 75068
Phone: (972) 379-7003
Email: shortsaledfw@gmail.com

### NOTARIZATION REQUIRED

**STATE OF TEXAS**
**COUNTY OF** Denton

On this __1st__ day of __September__, 2025, before me personally appeared **Jimmy Nguyen**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

GINGER Q SMITH
Notary ID #12021322
My Commission Expires
February 16, 2029

**NOTARY PUBLIC**

**FILING NOTE**: This certificate satisfies Federal Rule 65(b)(1)(B) requirements for pro se litigants and transforms Defendants' notice violations into additional justification for emergency ex parte relief.