## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JIMMY NGUYEN**, *et al.* | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00952-ALM-BD** |
| | § | |
| **US BANK TRUST NATIONAL** | § | |
| **ASSOCIATION**, *et al.* | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pro se plaintiffs Jimmy and Catherine Nguyen filed a complaint, Dkt. 1, and an emergency motion for a temporary restraining order ("TRO"), Dkt. 2. The defendants have not yet been served or entered appearances. The court will recommend that the motion for a TRO be denied.

### LAW

Federal Rule of Civil Procedure 65(b)(1) provides that

> the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO is "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974); *see also Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976) (explaining that "the office of a temporary restraining order is to preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction").

In addition, there are four prerequisites to the entry of a TRO or preliminary injunction. The movant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999); *see Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the standards for TROs and preliminary injunctions are the same). A party seeking injunctive relief must "unequivocally show the need for its issuance," *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997), by introducing sufficient evidence to justify the granting of a preliminary injunction or TRO, *PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). The movant must prove each of the four elements before injunctive relief will be granted. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The decision to grant or deny a TRO lies within the court's discretion. *Id.*

## DISCUSSION

According to the Nguyens, the defendants, U.S. Bank Trust National Association and Fay Servicing, LLC, scheduled a foreclosure sale of their house on September 2, 2025. Dkt. 1. The Nguyens allege that the defendants did not provide them notice of the foreclosure sale and are proceeding under a void and destroyed mortgage note. Dkts. 1 at 4, 1-1 at 5. The complaint alleges that the defendants' actions violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C § 1692 ("FDCPA"), the Consumer Financial Protection Act, 12 U.S.C § 5531 ("CFPA"), and their constitutional rights. Dkt. 1-1 at 5. The complaint cites those provisions without elaboration. *See* Dkt. 1.

In their TRO motion, the Nguyens ask the court to stop the foreclosure sale, set a hearing for a preliminary injunction, and waive any bond requirement. Dkt. 2 at 1. The motion fails on both procedural and substantive grounds.

2

First, the Nguyens failed to provide notice to the defendants of the motion or demonstrate that notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). An ex parte TRO "is granted only in extraordinary circumstances where the party seeking such relief will suffer immediate and irreparable injury not only by the failure to grant the [TRO] but by affording the restrained party advance knowledge that such relief is to be entered." *Jones v. Bush*, No. 3:00-CV-2543-D, 2000 WL 1725195, at *1 (N.D. Tex. Nov. 20, 2000). The Nguyens claim that "[n]otice would be futile due to Defendants' three-year pattern using the same VOID/destroyed note and complete disregard for due process." Dkt. 2 at 3. They point to penalties that Fay Servicing was required to pay to the Consumer Financial Protection Bureau ("CFPB") to support their lack of effort. Dkt. 2 at 3. The Nguyens claim that Fay Servicing is a "confirmed systematic violator," so they do not need to try to notify it of their TRO motion. Dkt. 2 at 3. In his affidavit, Jimmy Nguyen notes that he did not attempt to contact Fay Servicing "due to [his] multiple previous attempts to resolve loan issues without success and because [Fay Servicing] provided no notice of foreclosure sale to me or my spouse." Dkt. 3 at 2. He certifies that he searched through public records and previous correspondence and could not locate any public foreclosure notices. Dkt. 3 at 2. But the Nguyens fail to explain why they have not tried to notify the other defendant, U.S. Bank. The Nguyens have not met their burden to show that a TRO should be entered ex parte.

Nor does the motion satisfy the substantive prerequisites for injunctive relief. Namely, the Nguyens fail to demonstrate a substantial likelihood of success on the merits. *See Affiliated Pro. Home Health Care Agency*, 164 F.3d at 285. The Nguyens claim that the threatened foreclosure is pursuant to a destroyed void mortgage note in violation of several statutes. Dkts. 1-1 at 5, 2-2 at 4. Despite liberally construing the complaint, the court is unable to identify the specific violations of RESPA, FDCPA, and CFPA that the Nguyens allege. *See* Dkt. 1-1 at 5.

The Nguyens contend that "defendants cannot foreclose on a note that was sworn to be destroyed by the originating bank." Dkt. 2-2 at 4. They rely on JPMorgan Chase's "Affidavit of Lost Note," Dkt. 3-5, as evidence that the note was destroyed but ignore later parts of the affidavit. Specifically, JPMorgan Chase certified that "[t]he loss of possession is not the result of the original

Note being canceled or transferred to another party." Dkt. 3-5 at 3. The affidavit does not definitively state that the note was destroyed or of no effect. *See* Dkt. 3-5. Also, the Nguyens allege that the defendants violated their due-process rights by failing to notify them of the upcoming foreclosure sale. Dkt 2-2 at 2. But under Texas law, "[s]ervice of notice is complete when the notice is sent via certified mail," and "[t]here is no requirement that [Plaintiff] receive the notice" before foreclosure may occur. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing Tex. Prop. Code § 51.002).

## RECOMMENDATION

It is **RECOMMENDED** that the ex parte motion for a TRO, Dkt. 2, be **DENIED**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 3rd day of September, 2025.

Bill Davis
United States Magistrate Judge