JIMMY NGUYEN and
CATHERINE NGUYEN,

  Plaintiffs,

v.

FAY SERVICING, LLC and
US BANK TRUST NATIONAL
ASSOCIATION, as Owner Trustee
for VRMTG Asset Trust,

  Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

**Civil Action No. 4:25-cv-00952-ALM-BD**



APR 2 3 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS (DKT. 21)

**TO THE HONORABLE CHIEF DISTRICT JUDGE AMOS L. MAZZANT:**

Plaintiffs Jimmy Nguyen and Catherine Nguyen, appearing pro se, respectfully file this Response in Opposition to Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 21), and would respectfully show the Court as follows:

### I. INTRODUCTION

Defendants seek dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). The exhibits Defendants have affirmatively placed before this Court do not support dismissal; rather, they prove Plaintiffs' claims. The instrument Defendants filed at Dkt. 21-1, upon which Defendants base their claimed authority to foreclose, is a materially altered, unexecuted promissory note. The instrument contains a blank signature line for the co-borrower, blank endorsement fields, and bears the printed statutory warning: "DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT."

To demonstrate that no valid note was ever consummated, Plaintiffs have attached the original, clean draft provided by the title company at closing as **Exhibit A**. Furthermore, even if the unexecuted promissory note were presumed valid, Defendants' own exhibits establish that the underlying debt was sold on December 27, 2007, prior to the December 28, 2007 recording of the Security Instrument, legally severing the lien at its origination. Finally, Defendants' notice exhibits (Dkt. 21-5) demonstrate that mandatory statutory notices were never mailed to Plaintiffs, but rather to a third-party bankruptcy attorney.

Plaintiffs' core claims have been on the record since September 2, 2025. This Court has ordered discovery to address the exact issues Defendants seek to dismiss at the pleading

stage. The Scheduling Order (Dkt. 22) adopts a two-phase framework, with Phase One expressly covering "chain-of-title examination, note validity, note assignments, lost-note-affidavit defects, constitutional compliance verification, and timing of the September 2, 2025 foreclosure." Dismissal at the pleading stage is irreconcilable with the Phase One discovery this Court has ordered. Plaintiffs respectfully request that the Court DENY Defendants' Motion to Dismiss in its entirety.

## II. THE INSTRUMENT IS AN UNEXECUTED PROMISSORY NOTE, MATERIALLY ALTERED, AND THE LIEN WAS FATALLY SEVERED AT ORIGINATION

**A. The signature lines on the unexecuted promissory note are blank and materially altered.** Attached as **Exhibit A** to this Response is the true and correct unconsummated promissory note as it existed at the December 19, 2007 closing at Republic Title of Texas, provided to Plaintiffs and retained continuously in Plaintiffs' personal possession since that date. The Court can confirm by visual inspection of Exhibit A and Defendants' Dkt. 21-1 that: (1) The instrument contains two Borrower signature blocks. The right Borrower signature block contains a blank signature line with no printed name identifying any signatory; (2) The endorsement block contains a "Pay to the order of" field with no payee named, and a blank signature line above the printed name "JENNIFER Y'BARBO"; and (3) The instrument bears the printed statutory execution warning: "DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT."

Furthermore, a direct comparison between Plaintiffs' clean Exhibit A and Defendants' Dkt. 21-1 visually proves post-execution material alteration. Defendants' filing relies upon irregular, post-closing "VOID" stamps and manual endorsements to JPMorgan Chase by Elizabeth Sproat, explicitly dated "27 DAY OF December, 2007" eight days after the purported closing. Defendants cannot rely on an unexecuted promissory note, materially altered post-closing, to justify their authority to foreclose.

**B. The "Split Lien Doctrine" severs Defendants' chain of title.** Even if the Court were to presume the unexecuted promissory note was valid (which it was not), Defendants' own exhibits prove the chain of title was fatally severed at origination. Under Texas law, the mortgage is an accessory to the debt. If a note is transferred prior to the perfection of the security instrument, and no concurrent assignment of the security instrument is recorded, the lien is split and rendered unenforceable.

Defendants' own Exhibit A (Dkt. 21-1) proves that the original lender, The Lending Partners, LTD, manually endorsed and transferred the debt to JPMorgan Chase on **December 27, 2007**. However, the Denton County Clerk's official file stamp on Defendants' Exhibit B (Dkt. 21-2) establishes that the Deed of Trust was not recorded and perfected until **December**

**28, 2007**. Because the original lender transferred the debt prior to recording the accessory lien, and no concurrent Assignment of the Deed of Trust to JPMorgan Chase was attached to Dkt. 21-2, the lien was legally severed at origination. Consequently, any subsequent transfers by MERS or intermediate assignees are void ab initio.

**C. An unexecuted promissory note is not a valid home equity instrument under the Texas Constitution.** Article XVI, § 50(a)(6) of the Texas Constitution requires a home equity extension of credit to be executed with the consent of each owner and each owner's spouse. Defendants' own Rule 736 Application at Dkt. 21-6 ¶ 4(D) explicitly states that Catherine Nguyen is "not a maker or assumer of the underlying debt." Furthermore, the Rule 736 Order drafted by Defendants' own counsel (Dkt. 21-7 ¶ 9) contains the affirmative recital that Catherine Nguyen is "not a maker or assumer of the underlying debt."

Additionally, Defendants' Notice of Foreclosure Sale (Dkt. 21-5) explicitly lists Catherine Nguyen as an "Original Mortgagor/Grantor" while simultaneously acknowledging the underlying instrument was "executed by JIMMY NGUYEN," deliberately omitting Catherine as a signatory. Because Catherine Nguyen executed the Deed of Trust (Dkt. 21-2) as Grantor, establishing her status as a homestead owner, Defendants have affirmatively confessed across multiple exhibits that they are enforcing a Texas Home Equity instrument that lacks the constitutionally mandated spousal execution. Article XVI, § 50(c) of the Texas Constitution provides that any lien securing a loan that does not comply with Section 50 is invalid.

**III. DEFENDANTS' NOTICE EXHIBITS DO NOT ESTABLISH STATUTORY COMPLIANCE UNDER TEXAS PROPERTY CODE § 51.002**

**A. The statute requires 21-day written notice by certified mail.** Independent of the fatal execution and chain-of-title defects, Defendants fail to establish compliance with Texas Property Code § 51.002. Texas Property Code § 51.002(b) requires that notice of a non-judicial foreclosure sale "be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt."

**B. Defendants' Exhibit E fails to establish compliance and proves systemic omission.** Dkt. 21-5 (Exhibit E to the Motion) is the document Defendants offer to prove compliance with § 51.002. However, on its face, the exhibit fails to establish 21-day certified-mail service upon the Plaintiffs. The certified mail receipts provided in Dkt. 21-5 are entirely devoid of Plaintiffs' names; instead, they are addressed exclusively to a third-party bankruptcy attorney, "C/O W. 'REED' ALLMAND". Texas Property Code § 51.002 strictly mandates service "on each debtor," not exclusively on a third-party attorney.

Furthermore, Defendants' own exhibits spanning from 2020 to 2025 systematically and completely omit Catherine Nguyen. As Defendants affirmatively admitted in their own Rule 736 Application (Dkt. 21-6 ¶ 4(D)), Catherine Nguyen is a mortgagor of the lien instrument. Yet, Defendants' Exhibit C (Dkt. 21-3) proves that the 2020 Notice of Default from prior servicer Nationstar Mortgage LLC (d/b/a Mr. Cooper) was addressed exclusively to Jimmy Nguyen, deliberately excluding Catherine from mandatory FDCPA and acceleration warnings. Similarly, Defendants' Exhibit D (Dkt. 21-4) proves that the RAS law firm's subsequent FDCPA debt collection notice was addressed exclusively to Jimmy Nguyen, and the attached Fay Servicing periodic statement affirmatively left the "Co-Borrower" field entirely blank. Because a Texas home equity foreclosure cannot legally proceed without serving the mandatory statutory and regulatory notices upon all recognized mortgagors, Defendants' own exhibits prove a fatal, multi-year violation of Texas Property Code § 51.002.

**C. Failure of § 51.002 notice renders the foreclosure sale void.** Under Texas law, a foreclosure sale conducted without the notice required by § 51.002 is void, not merely voidable. Plaintiffs have pleaded specific facts regarding the notice failure, and Dkt. 21-5 does not refute those facts; it corroborates them. Whether statutory notice was properly served is the kind of fact-intensive inquiry that Phase One discovery under Dkt. 22 addresses.

**IV. THE SCHEDULING ORDER (DKT. 22) HAS ORDERED PHASE ONE DISCOVERY INTO THE ISSUES DEFENDANTS SEEK TO DISMISS**

**A. Dkt. 22 adopts the two-phase framework.** On April 10, 2026, Magistrate Judge Davis entered the Scheduling Order (Dkt. 22). Under the heading "Scope of Discovery," the Order provides:

*"The parties agreed to a two-phased discovery approach. See Dkt. 15 at 3; Minute Entry for Feb. 27, 2026. Phase One will include: chain-of-title examination, note validity, note assignments, lost-note-affidavit defects, constitutional compliance verification, and timing of the September 2, 2025 foreclosure."*

The Court's adoption of the two-phase framework expressly cites Defendants' own Rule 26(f) Report (Dkt. 15) as the source of the agreement.

**B. Dismissal at the pleading stage is inconsistent with the Scheduling Order.** Every issue Defendants ask this Court to resolve on the pleadings the validity of the unexecuted promissory note, the chain of title, the lost-note affidavit, constitutional compliance, and the timing of the September 2, 2025 foreclosure is an express Phase One subject in the Scheduling Order. The Court has directed that these issues be developed through Phase

One discovery. Dismissal at the pleading stage would unlawfully foreclose the discovery the Court has already ordered.

Under FRCP 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. Where the pleadings and attached instruments raise fact-intensive questions about contract formation, material alteration, severed chain of title, and statutory notice, dismissal at the pleading stage is not the appropriate procedural vehicle.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jimmy Nguyen and Catherine Nguyen respectfully request that this Court:

1. DENY Defendants' Motion to Dismiss (Dkt. 21) in its entirety;

2. ENFORCE the Scheduling Order (Dkt. 22) and permit Phase One discovery to proceed as ordered; and

3. Grant such other and further relief to which Plaintiffs may show themselves justly entitled.

Dated: April 23, 2026

Respectfully submitted,

JIMMY NGUYENE, Pro Se

CATHERINE NGUYEN, Pro Se
2421 Deerwood Drive
Little Elm, Texas 75068
Phone: (972) 379-7003
Email: shortsaledfw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, together with Exhibit A attached hereto, was conventionally filed in person with the Clerk of Court for the Eastern District of Texas. Service will be effectuated upon all counsel of record, including Joseph M. Vacek and John Lawson, via the Court's CM/ECF electronic notification system upon docketing by the Clerk.

Joseph M. Vacek
John Lawson
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
5601 Executive Drive, Suite 400
Irving, Texas 75038
Email: jlawson@raslg.com
Email: jvacek@raslg.com
Counsel for Defendants

JIMMY NGUYEN, Pro Se